UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITY OF ORLANDO POLICE
PENSION FUND,

    Plaintiff,

    v.

LAWRENCE E. PAGE, et al.,

    Defendants.

_____/

No. C 13-2038 PJH

**ORDER RE MOTIONS TO SEAL**

Before the court are three motions to seal, filed in connection with defendants' motion for summary judgment. The bulk of the motions to seal relates to the Report of the Special Committee of the Board of Directors of Google Inc. ("the Report"), which was filed by defendants in support of their motion for summary judgment. As stated at the January 29, 2014 hearing, defendants will be permitted to redact portions of the Report that reflect attorney-client communications and/or attorney work-product. Defendants will also be permitted to redact the names of Google employees; however, the names of any defendants may not be redacted, nor may the names of any Google officers, directors, inside or outside counsel, or other high-level management employees be redacted.

At the hearing, defendants argued that further redactions were justified based on the "deliberative process" privilege, and the court rules on that question herein. As an initial matter, the "deliberative process" privilege has typically referred to the privilege invoked by government entities in response to Freedom of Information Act requests. See, e.g., Dept. of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001) ("deliberative process [privilege] covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies

are formulated" (internal citation and quotation omitted)).  Defendants appear to be advocating for a different type of privilege, used by some courts to shield internal corporate deliberations.  See Dkt. 46 at 3-4.  However, the court finds that defendants' cited cases are inapposite, and thus declines to allow any redactions to the Report other than those mentioned above.

Specifically, defendants first cite to the Sixth Circuit's opinion in In re Perrigo, in which the court overruled the district court's decision to release a report prepared in response to derivative litigation.  128 F.3d 430 (6th Cir. 1997).  However, in that case, the district court ordered release of the entire report, without any redactions for attorney-client privilege or attorney work-product.  Id. at 438 (corporation "requested that it be allowed to submit a redacted version of the report," but the district court "rejected that request").  Also, the Sixth Circuit did not hold that the report should never be made public, it merely held that it should not be "disclosed to the public at this juncture" (emphasis in original), and held that disclosure of the report would be appropriate after the district court had read the report and "adequately weighed the interests of the public against the interests of Perrigo in maintaining its privilege as to all or part of the report."  Id. at 440.  Critically, the Sixth Circuit then held that "[i]f and when the district court intends to rely on the report in making a decision in this case, then at that time it should conduct a hearing regarding whether the report or parts thereof should be made to the public."  Id. (emphasis in original).  This court has engaged in the very process advocated by the Sixth Circuit in Perrigo, holding a hearing and ultimately deciding that the privileged portions of the Report should remain sealed.  Perrigo provides no basis for redacting the Report based on some type of corporate deliberative privilege.

Next, defendants cite to Disney v. The Walt Disney Co., in which the Delaware Chancery Court found that release of internal corporate documents could have a "chilling effect on board deliberations."  2005 WL 1538336 (Del. Ch. June 20, 2005).  However, in Disney, it was the plaintiff who sought to introduce the documents into the litigation and to

put them into the public record. In contrast, plaintiff in this case has not sought to introduce the Report, and instead, it was defendants who asked the court to consider the Report. See Defendants' reply ISO motion for summary judgment at 3, n.3 ("The court made clear, however that without the Report it could not find that the Board's process was reasonable. . . . Accordingly, defendants provided the Report to the court and plaintiff"). Defendants attempted to have this case dismissed without submitting the Report, and after that attempt failed, defendants made a calculated choice to submit the Report to support their argument that the board's investigation was conducted reasonably and in good faith. Moreover, defendants admit that they contemplated the public release of the Report, as they state in their reply brief that they made a "minor, common-sense revision to the Report" in anticipation of its possible public release. Reply at 17. Thus, this case is distinguishable from Disney, in which the defendant did not expect the documents to become public and did not seek to inject them into a legal proceeding.

     Defendants then cite to a number of Delaware cases involving the sealing of reports prepared by "special litigation committees." The court first notes that defendants rely on these "special litigation committee" cases while simultaneously quoting the court's previous finding that "[p]laintiff's reliance on cases involving Delaware's 'special litigation committee' procedure is misplaced, as those cases involve a specific Delaware procedure which was not invoked here." Reply at 2, n.2 (quoting Dkt. 28 at 10-11). But even putting that aside, none of defendants' cited cases provide any basis for applying a corporate deliberative process privilege in addition to the attorney-client privilege and the attorney work-product protection.

     The final case cited by defendants in support of their deliberative process privilege argument involves the protection of the identities of prison inmate witnesses, and has no applicability to the present case. See Goodrick v. Sandy, 2013 WL 1729108 (D. Idaho Apr. 22, 2013).

     Accordingly, defendants' claimed deliberative process privilege is rejected. Defendants are directed to prepare a redacted version of the Report to submit to the court

3

for in camera review. As stated above, the only permitted redactions are those covering (1) attorney-client communications, (2) attorney work-product, and (3) the names of Google employees other than defendants, other officers/directors, inside or outside counsel, and other high-level management employees. Defendants shall submit the Report with the proposed redactions by **February 24, 2014**. If the court approves the redactions, the parties will be directed to re-file their summary judgment briefs to include any unsealed portions of the Report.

Finally, defendants also seek the sealing of Exhibits A through G of the Kellar declaration, which "reference, quote, or consist of minutes of meetings of the Google Board or the Special Committee of the Google Board or communications from counsel to the Special Committee to Special Committee members regarding the Special Committee's investigation." Dkt. 71 at 3. Defendants argue that these documents "contain or reflect internal deliberations among Google Board members." Id. Defendants do not present any independent argument for sealing these documents, instead arguing that the "compelling reasons for sealing Google's internal corporate deliberation are fully addressed in defendants' briefing on their administrative motion to file the Report under seal." Id. Accordingly, the court similarly incorporates its findings regarding the Report to Exhibits A through G of the Kellar declaration. Defendants shall be permitted to seal only those portions of the exhibits that disclose (1) attorney-client communications, (2) attorney work-product, and (3) the names of Google employees other than defendants, other officers/directors, inside or outside counsel, and other high-level management employees. Defendants are directed to submit its proposed redactions for in camera review by **February 24, 2014**. If the court approves the redactions, the parties will be directed to re-file their summary judgment briefs to include any unsealed portions of the exhibits.

Accordingly, the motions to seal are GRANTED in part and DENIED in part as indicated above, subject to the court's approval of the proposed redactions.

**IT IS SO ORDERED.**

Dated: February 10, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

5